A03A2409. DAVIS et al. v. THE STATE.
(589 SE2d 603)

ELDRIDGE, Judge.

A Wilcox County jury found Jerry Davis and Derrick Mackey ("appellants") guilty of interference with government property,[1] which charge arose after the pair disrupted the sprinkler system and broke the toilet tank in Wilcox State Prison cell J-1-205, thereby flooding the cell and causing water damage to the State-owned property contained therein. Davis and Mackey appeal jointly, claiming the evidence was insufficient to support the verdict and that the trial court erred in denying a motion for mistrial made on the basis of improper character evidence. Finding the enumerated errors meritless, we affirm.

1. Appellants claim the evidence was insufficient to support the verdict. We disagree.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; an appellate court determines evidence sufficiency and does not weigh the evidence or determine credibility. To support the verdict, circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt.[2]

Viewed in such light, the State's evidence showed that at 10:15 a.m. on the incident date, Correctional Officer H. Adams performed a routine check of all cells on the second range/tier of Wilcox State Prison lockdown unit J-1, which included cell 205. This check involved looking through the door window of each cell to determine that "the inmates are present and that they are okay." It is undisputed that appellants were housed in cell 205. After looking through the window of cell 205, Adams determined that "everything was okay" and signed the cell's door sheet. Fifteen minutes later, loud banging was heard from cell 205. Investigation revealed that the

---

[1] "A person commits the offense of interference with government property when he destroys, damages, or defaces government property." OCGA § 16-7-24 (a).

[2] (Citations and punctuation omitted.) *Scott v. State*, 230 Ga. App. 522, 523 (496 SE2d 494) (1998).

safety glass in the cell's door window had been shattered from the inside out, making it impossible to see through. Further investigation showed that the toilet had been ripped from the cell floor and broken into several pieces; the cell's sprinkler head had been destroyed, spraying water onto the government property in the cell and damaging it. In addition, water was running from the cell floor down into the lower range/tier of the unit. Testimony showed that the appellants were the only ones with access to the damaged portions of the locked cell at the time of the incident.

This evidence is sufficient for a rational trier of fact to find appellants guilty beyond a reasonable doubt of interference with government property.[3] That no one actually saw appellants damage the property does not mandate reversal when the State's evidence showed that appellants were the only ones present to do the damage.

2. Next, appellants contend the trial court erred in denying a motion for mistrial made after a witness stated that the wires had been stripped from a lighting fixture in cell J-1-205. Appellants claim that such testimony was evidence of "other crimes" not charged in the indictment.

After denying the mistrial motion, the trial court sustained appellants' objection to the testimony and instructed the jury to disregard it. No further objection or motion was made, and the evidence resumed. Where a trial judge gives corrective instructions and counsel thereafter fails to request further instruction or renew his motion for mistrial, the issue is waived for purposes of appellate review.[4] Accordingly, we will not consider the instant claim of error.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 29, 2003.

*David E. Morgan III*, for appellants.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] *Hodges v. State*, 249 Ga. App. 268, 271 (3) (547 SE2d 386) (2001).